IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH JAKIMOWICZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.  07-3327 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                        February 12, 2008

This is a civil rights action in which plaintiff, a correctional officer with the City of

Philadelphia Prison System, contends he was constructively discharged.  He alleges that he spoke

out against what he perceived to be unjust treatment of the inmates and that he was consequently

discriminated against because of his complaints and because he "was white and most of his

supervisors were black."  *Compl.* ¶ 16.  He sues the city and other correctional officers.

Before me is defendant's motion to dismiss plaintiff's complaint.  For the reasons that

follow, I will grant in part and deny in part defendant's motion and dismiss all but plaintiff's

Title VII claim against the city asserted in Count One, plaintiff's PHRA claim against the city

asserted in Count Two, and plaintiff's First Amendment and § 1983 claims against all defendants

asserted in Count Three.

In Count One of the complaint plaintiff asserts a discrimination and retaliation claim

under Title VII against all defendants.  Individuals cannot be sued under Title VII.  *Sheridan v.*

*E.I. Dupont De Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996).  Therefore, I must dismiss

Count One as to defendants Captain Cathy M. Talmadge, Lieutenant Deurward Spellman, and

Lieutenant Jonathan Boston.

Count Two of plaintiffs complaint simply states in one sentence that defendants' acts constitute violations of the PHRA.  Unlike Title VII, the PHRA provides for liability of individual defendants who "aid, abet, incite, compel or coerce" any action prohibited by the statute.  43 Pa. Cons. Stat. § 955(e).  Allegations of direct incidents of harassment do not provide a basis for liability, but if the actions of supervisory employees can be shown to have aided or abetted the employer, those employees may be individually liable.  *Dici v. Pennsylvania*, 91 F.3d 542, 553 (3d Cir. 1996).

Plaintiff asserts that he complained to his supervisors about the treatment of inmates, not about his own treatment, and that he was continually harassed by his supervisors.  Plaintiff's complaint does not clarify whether Talmadge, Spellman, or Boston were supervisory employees, nor does he allege that any of their actions aided, abetted, incited, compelled, or coerced the City of Philadelphia to discriminate against him.  Therefore, I will dismiss Count Two, but will allow plaintiff to amend his complaint.

In Count Three, the plaintiff, using boilerplate language and short, conclusory sentences, asserts claims under 42 U.S.C. §§ 1983 and 1985, alleging violations of his First Amendment right to freedom of speech and his Fifth[1] and Fourteenth Amendment rights to substantive and procedural due process rights.

Defendant argues that plaintiff's speech was not protected because he did not speak as a citizen on a matter of public concern, but instead spoke as a public employee pursuant to his

---

[1] Plaintiff likely cites the Fifth Amendment in error and means to assert rights under the Fourth Amendment.  To the extent that plaintiff seeks relief under the Fifth Amendment, his claims are dismissed for failure to assert any factual support.  For the reasons above, any due process claim he would have under the Fourth Amendment is insufficiently pleaded.

official duties.  The complaint raises sufficient facts to support a claim and at this early stage of the proceedings, it is not possible to determine whether plaintiff's speech was protected.  Thus, defendant's motion to dismiss plaintiff's First Amendment claim is denied.

Defendant's motion to dismiss plaintiff's due process claims, however, will be granted. Plaintiff's complaint states, "[t]he plaintiff was harassed, demoted, and forced to resign in violation of his substantive and procedural due process rights, which violated the Fifth and Fourteenth Amendments to the United States Constitution."

Plaintiff's substantive due process claim must be dismissed because public employment is not a right protected by the federal constitution.  *Young v. Walp*, 1995 U.S. Dist. LEXIS 22096, *8 (M.D. Pa. 1995).  Even assuming that plaintiff has alleged facts to establish a property interest under the Fourteenth Amendment, he has not properly pleaded a procedural due process claim. This Circuit has held that "grievance procedures outlined in collective bargaining agreements can satisfy due process requirements."  *Dykes v. SEPTA*, 68 F.3d 1564, 1572 (3d Cir. 1995).  Plaintiff states in his complaint that he filed a grievance with his union against Defendant Spellman, but he has not alleged that the grievance process was defective, that he was not provided with notice, or that he did not have an opportunity to be heard.  His claim will therefore be dismissed.

In Count Three, plaintiff also alleges that "defendants violated the rights of the plaintiff under 42 U.S.C. § 1983 and 1985."  To assert a § 1985 claim properly a plaintiff must allege a conspiracy.  A general allegation of conspiracy without a statement of the facts is insufficient. *Maples v. Boyd*, 2004 U.S. Dist. LEXIS 15988, *22 (E.D. Pa. Aug. 9, 2004) (citing *Black & Yates, Inc. v. Mahogany Ass'n*, 129 F.2d 227, 231 (3d Cir. 1941).  "'[T]he plaintiff must plead the facts constituting the conspiracy, its object and accomplishment.'" *Id.* at 23 (quoting *Black &*

*Yates*, 129 F.2d at 231).  Here, plaintiff fails to assert even a general allegation of conspiracy and his § 1985 claim will therefore be dismissed.

In Count Four of the complaint, plaintiff asserts a claim under the Pennsylvania Whistleblower Law which requires a plaintiff to file his civil action within 180 days of the occurrence of the alleged violation.  43 Pa. Stat. Ann. § 1424(a).  Jakimowicz's latest alleged violation, his constructive discharge, occurred on November 27, 2006.  He filed his complaint on August 13, 2007, well in excess of the required deadline.  Therefore, this claim must be dismissed for failure to meet the statute of limitations requirement.

In Counts Five, Six, Seven, and Eight of the complaint, plaintiff alleges wrongful discharge in violation of public policy, defamation, intentional infliction of emotional distress (IIED), and conspiracy.  The Tort Claims Act provides immunity to all municipalities for any damages unless they fall under one of eight enumerated exceptions which do not apply here.  42 Pa. Cons. Stat. Ann. §§ 8541, 8542.  These counts are therefore dismissed as to the City of Philadelphia.

Even if plaintiff's complaint is read to allege claims against the remaining defendants in their individual capacities, the defamation, IIED, and conspiracy claims are insufficiently pleaded and will be dismissed as to all defendants.

To plead defamation properly, a plaintiff must identify specifically to whom the statement was made, when it was made, where it was made, and its specific content.  *Maze v. Transmission Specialties, Inc.*, 1999 U.S. Dist. LEXIS 11433, *8 (E.D. Pa. July 16, 1999).  Plaintiff's complaint states only that "defendants published untrue statements about the plaintiff to third persons, and this defamation caused the plaintiff damages."  This allegation fails to meet the

4

pleading requirements.

A claim for IIED requires the court to determine whether the actor's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988). "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress" and dismissal cannot be the basis for recovery. *Id.* Similarly, demotion does not support an IIED claim. *Villela v. City of Philadelphia*, 1995 U.S. Dist. LEXIS 6308 *13 (E.D. Pa. May 10, 1995). Further, "Courts in this District have repeatedly found that racial discrimination alone does not meet the 'extreme and outrageous conduct' standard necessary to state a claim for intentional infliction of emotional distress." *Hargraves v. City of Philadelphia*, 2007 U.S. Dist. LEXIS 31951, *10 (E.D. Pa. April 26, 2007) (citing numerous cases holding same and dismissing plaintiff's IIED claim because it was premised on race discrimination and retaliation).

Plaintiff asserts that he complained to his supervisors about what he believed to be "illegal, immoral and unethical" practices used on inmates, and that because of his complaints and his race, he was continually harassed by poor performance reports, daily verbal complaints, and memos alleging violations of policies. Plaintiff further states that as a result of the harassment he was under great pressure, his physical and mental health were negatively impacted, and he was forced to resign following his demotion. *Compl.* ¶¶ 14-20. Because plaintiff points to no other conduct as a basis for his IIED claim, the claim must be dismissed.

As noted above, a general allegation of conspiracy without a statement of the facts is

insufficient.  *Maples*, 2004 U.S. Dist. LEXIS 15988 at *22.  Plaintiff's state law claim of conspiracy is more specific than his § 1985 claim, alleging "defendants conspired with each other in their attempt to cause physical and emotional harm to the plaintiff, to demote the plaintiff and to force him to involuntarily resign from employment, and to deprive him of his civil rights." However, there is no factual allegation of an agreement or understanding among the defendants to harm Jakimowicz, and this claim must also be dismissed.

Lastly, the plaintiff seeks punitive damages.  Punitive damages against a municipal defendant are not permitted under Title VII or the PHRA, and are not permitted against individual defendants acting in their official capacities under § 1981 or § 1983.  *Udujih v. City of Philadelphia*, 513 F. Supp. 2d 350, 358 (E.D. Pa. 2007).  All punitive damage claims are therefore dismissed.

To summarize, the plaintiff's Title VII claim in Count One against the City of Philadelphia, the PHRA claim against the City of Philadelphia in Count Two, and the First Amendment violation under § 1983 claims against all defendants in Count Three remain.  All other claims are dismissed and leave to amend will be granted as to Count Two only.

Permission to amend a complaint is at the discretion of the district court.  The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires."  However, if an amendment will be futile and would not withstand a motion to dismiss, the opportunity to amend may be denied.  *Michener v. Lower Providence Twshp.*, 1989 U.S. Dist. LEXIS 5364, *5 (E.D. Pa. May 12, 1989).

Here, the defendants' motion to dismiss provided detailed argument, with citations to relevant cases and statutes, noting the deficiencies of the plaintiff's complaint.  Plaintiff

responded to the motion to dismiss with just four short paragraphs of "legal argument" simply reiterating that his claims were asserted under Title VII and the PHRA which prohibit racial discrimination by municipalities and their employees.  Because plaintiff failed to provide any factual support for his claims in opposing the motion to dismiss, there is no reason to believe that such facts will be available to him in amending his complaint.

However, I will permit plaintiff to amend his PHRA claim asserted in Count Two as it applies to the individual defendants.  Plaintiff's complaint contains facts that indicate such a claim could be viable, and although the defendants argued the PHRA claim should be dismissed, they did so by asserting a lack of protected activity, and did not note the absence of an allegation that the individual defendants had aided, abetted, incited, compelled, or coerced their employer to violate the act.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH JAKIMOWICZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.  07-3327 |

**ORDER**

AND NOW, this 12th   day of February, 2008 it is hereby ordered that, after considering defendant's motion to dismiss (Dkt. # 6) and plaintiff's response (Dkt. # 9):

1.  Count One of the complaint is DISMISSED WITH PREJUDICE as to defendants Talmadge, Spellman, and Boston.

2.  Count Two of the complaint is DISMISSED WITH LEAVE TO AMEND as to defendants Talmadge, Spellman, and Boston.

3.  Plaintiff's § 1985 claim, substantive due process claim, and procedural due process claim asserted in Count Three of the complaint are DISMISSED WITH PREJUDICE.

4. Counts Four, Five, Six, Seven, and Eight of the complaint are DISMISSED WITH PREJUDICE.

5.  All claims for punitive damages are DISMISSED WITH PREJUDICE.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.